IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON DEAN,

   Petitioner,      No. CIV S-10-0798 EFB P

  vs.

ERIK MANESS, et al.,

   Respondents.    ORDER

            /

   Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. His application for leave to proceed in forma pauperis has made the required showing and therefore the request is granted. *See* 28 U.S.C. § 1915(a). However, for the reasons explained below, the court finds that it must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Proceedings.

   A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The

1

petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. This court must liberally construe the allegations of a prisoner proceeding without counsel. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). However, the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

The petition in this case suggests many issues but it is not clear whether petitioner seeks to present all of those issues in this case. Much of the petition consists of pages taken from petitioner's state court notice of appeal forms. On the actual federal habeas form constituting the petition, petitioner alleges three claims: (1) that his state trial attorney rendered ineffective assistance because "due to new laws governing low level prisoners petitioner has been denied appropriate screening as a permanent wheelchair-bound hemiplegic who can no longer commit serious or violent felonies and has not 15-years [sic]"; (2) that the district attorney erred by "entering a 'no-county-time-offer' on a 'till-tapping' 2nd robbery-degree" because petitioner's disability prevents him from walking, running, or committing violent crime; and (3) that "the district attorney has a personal interest in sending the petitioner to prison to be murdered" because "no other persons in jails or state reception centers for 'petty theft' with priors are being held in any state prisons [for violating] P.C. 666." Pet. at 6. Petitioner's state-court case was apparently ongoing at the time he filed is federal habeas petition, as petitioner indicated on the federal habeas form that he had future court dates, including his preliminary hearing, pending. Pet. at 2-3. According to petitioner, he has raised the three claims outlined above in "the appeals court." Pet. at 6.

////

In the documents appended to the federal habeas form, petitioner elaborates on his claim of ineffective assistance of counsel, claiming that his lawyer did not "efficiently" inform him "that upbraded [sic] legal avenues protecting property offenders and minor felons is current law," threatened him and coerced him into lying to the probation officer preparing the probation report for the court by omitting information about his drug addiction, and caused him to receive a harsher sentence than he could have otherwise obtained. Pet. at 11-12. Petitioner also makes allegations of various errors in the probation report and contends that the probation officer who prepared the report was biased and that the report contained falsehoods or material omissions. *Id.* at 13, 15. Lastly, petitioner alleges that, while incarcerated at Deuel Vocational Institution, he was denied medical care and was beaten. *Id.* at 23.

There are a number of problems with the petition that require dismissal under Rule 4 of Rules Governing § 2254 Proceedings. First, with regard to the three claims petitioner raises on the federal habeas form (ineffective assistance of counsel, district attorney error in plea offer, and district attorney bias), it is apparent from the petition that petitioner has not properly exhausted them. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Exhaustion of state remedies requires that a petitioner fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). The petition indicates that petitioner has not presented the issues raised on the federal habeas form to the California Supreme Court. Accordingly, federal habeas relief may not be granted on those claims.

In addition, petitioner has not alleged sufficient facts that would allow the court to grant him relief. As his criminal case was ongoing at the time the petition was filed, petitioner could not allege that he was prejudiced by counsel's alleged deficient performance, and thus could not

3

state a viable claim of ineffective assistance of counsel. *See* Pet. at 3 (indicating that petitioner's preliminary hearing, plea, trial, and sentencing were "pending"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner's claims with regard to the district attorney are vague, mostly inscrutable, and lack sufficient facts for the court to assess. Furthermore, petitioner has not identified the federal constitutional or other right that the prosecutor's alleged errors or misconduct violated. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that federal habeas courts may not address errors of purely state law).

Petitioner's claims raised on the documents appended to the federal habeas petition are similarly flawed. The claims regarding the probation report and probation officer fail to identify what federal constitutional or other right has been violated. It also appears that these claims have not been presented to the California Supreme Court. Petitioner's claims regarding alleged mistreatment at Deuel Vocational Institute are ones that must be presented by way of a civil rights action, not federal habeas petition.[1] If he was successful in proving the allegations of those claims it would not invalidate or lessen the duration of petitioner's sentence. Thus, they do not invoke federal habeas jurisdiction. *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Lastly, petitioner has named improper respondents. The proper respondent in a federal habeas petition is the petitioner's "immediate custodian"; i.e., the person who has day-to-day control over the petitioner, such as the warden of the prison in which the petitioner is incarcerated. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."); Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, Rule 2(a).

Thus, the petition must be dismissed under 28 U.S.C. § 2243 and Rule 4 of Rules Governing § 2254 Proceedings. To proceed, petitioner must file an amended petition.

---

[1] Indeed, petitioner has raised those claims in a separate civil rights case, Case No. CIV-09-0852 SMS.

Accordingly, it is ORDERED that:

1. The motion for leave to proceed in forma pauperis (Dckt. No. 4) is granted.

2. The Clerk of the Court shall serve a copy of this order and a copy of the April 5, 2010, petition with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

3. The petition is dismissed with leave to amend on the ground that it does not appear that petitioner is entitled to habeas corpus relief.

4. Within 30 days from the date of this order, petitioner may file an amended petition curing the defects identified in this order. In particular, an amended petition should:

    a. Bear the docket number assigned to this action and be styled, "Second Amended Petition";

    b. Identify clearly in the body of the petition what claims are being asserted;

    c. State clearly the facts supporting those claims and the federal rights alleged to have been violated;

    d. State whether the claims raised have been presented to the California Supreme Court and, if not, why not; and

    e. Name a proper respondent.

5. Failure to file an amended petition will result in a recommendation that this action be dismissed.

Dated: January 18, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE