IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON DEAN,

      Petitioner,                 No. CIV S-10-0798 EFB P

    vs.

ERIK MANESS, et al.,

                                 ORDER AND
      Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel and in forma pauperis seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is petitioner's amended application for a writ of habeas corpus. For the reasons explained below, the court finds that it must be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Cases.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The

petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.  An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

In its initial screening order of January 19, 2011, this court found it apparent from the petition that petitioner's state trial proceedings were still ongoing, and that petitioner had thus not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1) as to the claims concerning his trial counsel, the prosecutor, and the probation office.  The court also concluded that petitioner had alleged insufficient facts to warrant relief on those claims.  The court further found that petitioner's claims of inadequate medical treatment while incarcerated were not cognizable in a federal habeas corpus action and noted that petitioner had raised them in a separate civil rights action.

The amended petition does not cure these deficiencies.  Instead, it shows again that petitioner has not completed exhaustion of his claims in state court – petitioner has appended a copy of a habeas petition he filed with the California Supreme Court dated December 28, 2011.  Dckt. No. 8 at 48.  That court's publicly-available docket, of which this court takes judicial notice, shows that the petition remains pending.  California Courts – Appellate Case Information, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1966261&doc_no=S189399 (last visited February 8, 2011).  Other documents submitted by petitioner also indicate that state proceedings remain ongoing.  *E.g.*, Dckt. No. 8 at 171 (notice of direct appeal filed January 7, 2011).  Because the amended petition contains only claims that either have not

1  been properly exhausted or are not cognizable in a federal habeas corpus action, the petition
2  must be dismissed.  As petitioner has been given the opportunity to state a cognizable claim but
3  has not done so, the undersigned recommends dismissal without leave to amend.  *Lopez v. Smith*,
4  203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be
5  given leave to file amended complaint unless the court can rule out any possibility that the
6  plaintiff could state a claim).

7        Accordingly, it is hereby ORDERED that the Clerk randomly assign this case to a United
8  States District Judge.

9        Further, it is RECOMMENDED that this action be dismissed without leave to amend and
10 without prejudice.

11       These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties. Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In
18 his objections petitioner may address whether a certificate of appealability should issue in the
19 event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
20 § 2254 Cases (the district court must issue or deny a certificate of appealability when it
21 enters a final order adverse to the applicant).

22 Dated:  February 9, 2011.

                              */s/ Edmund F. Brennan*
                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE